# UNITED STATES DISTRICT COURT
## District of Minnesota

Ruth Hernandez Perez

Petitioner(s),

v.

Kristi Noem, U.S. Department of Homeland Security, Pamela Bondi, Executive Office for Immigration Review, Todd Lyons, Immigration and Customs Enforcement, David Easterwood, United States Citizenship and Immigration Services

Respondent(s).

**JUDGMENT IN A CIVIL CASE**

Case Number: 26-cv-00529-JWB-DJF

☐ **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **GRANTED IN PART**.

2. Respondents shall, within five (5) days of this Order, either:

   a. Complete inspection and examination of Petitioner pursuant to 8 U.S.C. § 1159(a), and file a notice confirming that inspection has been completed, identifying the outcome, and stating whether Respondents contend that continued detention is authorized on a specified lawful basis; or

b. Immediately release Petitioner from custody in Minnesota, and file a notice confirming the date, time, and location of release.

3. Pending compliance with this Order, Respondents shall not transfer or remove Petitioner from this District. If Petitioner has been transferred outside the District of Minnesota, Respondents shall immediately return Petition to this District, file a notice confirming the date and time of return, and complete the requirements of the preceding paragraph within five (5) days of Petitioner's return. Under either circumstance, Petitioner has the right to have counsel attend their inspection.

4. Nothing in this Order adjudicates the merits of Petitioner's adjustment application or removal proceedings, if any.

5. The relief ordered here is intended to ensure that habeas review is meaningful. If Petitioner is released pursuant to this Order, Respondents may not re-detain Petitioner on the same factual record and under the same statutory theory rejected herein, absent materially changed circumstances or a different and lawful basis for custody. Nothing in this Order precludes Respondents from taking lawful action supported by new facts or distinct statutory authority.

6. Petitioner's other claims are not reached.

Date: 1/26/2026

KATE M. FOGARTY, CLERK